**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE R. CLENTION**                                                **PLAINTIFF**

**V.**                                               **NO. 4:20-CV-25-DMB-DAS**

**GLOBAL INDUSTRIES, INC., et al.**                                **DEFENDANTS**

**ORDER**

On December 11, 2019, Willie R. Clention filed an amended complaint in the Circuit Court of Bolivar County, Mississippi, against Global Industries, Inc., Reed-Joseph International, Inc., Tulip Farms, Inc., Tensas River Farms III, LLC, and "John Doe Corporations 1-5." Doc. #2. Global Industries, asserting diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on February 19, 2020.[1] Doc. #1.

With respect to the citizenship of a limited liability company, "a party must *specifically* allege the citizenship of every member of [the] LLC." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quotation marks omitted) (emphasis added). Regarding Tensas Rivers Farms III, LLC, the notice of removal states only that "all of Tensas' members are citizens of foreign states." Doc. #1 at 4. However, because the notice of removal fails to *specifically* identify the Tensas' members and also fails to *specifically* identify the citizenship of each member, diversity jurisdiction has not been established.[2] *See MidCap*, 929 F.3d at 313–14 ("Because federal courts have limited jurisdiction, parties must make 'clear,

---

[1] The other named defendants joined in the notice of removal. Docs. #4, #7.

[2] The Court acknowledges that the issue of whether Reed-Joseph International, Inc. is a citizen of Mississippi and whether it will remain in this case is discussed in the submissions on two pending motions. *See* Docs. #17, #25. Should Global Industries' response to this show cause order confirm that this Court does indeed have jurisdiction to hear this case, the pending motions will be addressed by separate order.

distinct, and precise affirmative jurisdictional allegations' in their pleadings. … [B]ecause MidCap is an LLC, the pleadings needed to identify MidCap's members and allege their citizenship."). And while Global Industries generally asserts that "[n]o defendant in this suit is a citizen of the State of Mississippi, the state in which this action was brought and Plaintiff resides," Doc. #1 at 5, alleging citizenship in the negative is insufficient, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125–26 (1st Cir. 2011).

Accordingly, within seven (7) days of this order, Global Industries, as the party asserting jurisdiction, may file an amendment to the notice of removal pursuant to 28 U.S.C. § 1653 only to cure the deficient allegations of citizenship as to Tensas Rivers Farms III, LLC.[3] If it fails to do so, this action will be remanded for lack of jurisdiction.

**SO ORDERED**, this 15th day of June, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Global Industries must show diversity of citizenship existed at the time of removal. *See Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) ("When removal is based on diversity of citizenship, diversity must exist at the time of removal.").